Judge Wood stated the case, and delivered the opinion of the vcourt:
This action is brought on a covenant contained in a power of attorney, executed on February 4, 1836, which authorizes the plaintiff to sell certain tracts of land in Lucas county, for any sum not less than ten thousand dollars, and to transfer the same by bond or contract, under seal. The defendant obligates himself to make any necessary conveyance, by reason of such sale, and “ to release and relinquish to the plaintiff, to his own proper use and benefit, all sums over and above said ten thousand dollars, for which the plaintiff should be enabled to sell the land.”
Under this authority, the plaintiff, on February 22, 1836, made .a proposition to one Hiram Wellman to sell him the land, comprising one'hundred and forty-two and one hundred and fifty-seven one hundred and sixtieth acres, at the rate of one hundred •dollars per acre. This proposition was in writing, and signed by Wheeler; but in the body of the instrument he was described as the agent of the defendant. Ten thousand dollars was to be paid ■on or before April 20, 1836, and the balance in one year, with interest; provided, Wellman notified the plaintiff in twenty-nine ■days that he accepted the offer, and paid the ten thousand dollars, as specified in said proposition, and secured the balance of four .thousand three hundred dollars by a mortgage on the land.
Wellman, within the time limited, accepted the terms proposed, *173 informed the plaintiff thereof by letter, and the day before the ten thousand dollars became due, tendered the amount to the defendant in current bank notes, and demanded a conveyance. The defendant refused to ratify the contract, and this action was commenced to recover the amount over ten thousand dollars, for which, the plaintiff had bargained the land.
The defendent pleaded non est factum, and gave notice, in ban of the action, that before the sale of the land, by an understanding between the plaintiff and defendant, the power of attorney was void ; that it was obtained by fraud and covin ; that in the-sale of the land, the plaintiff was making a fraudulent use of said power of attorney, to cheat and defraud the defendant, the land having greatly increased in value, of which the plaintiff was well aware.
*On these pleadings the cause was tried, on the last circuit, and a verdict found for the plaintiff for three thousand and eighty-seven dollars. The defendant moved for a new trial, and this motion presents the questions reserved for decision in this-court.
The counsel for the defendant contends that the court erred in. permitting the written proposition made by the plaintiff to Well-man, to go in evidence to the jury. The nature and legal effect, of this instrument have been very zealously and ingeniously discussed. It was the substratum on which the plaintiff must have built his hopes of a recovery; and, if irrelevant to the issue, the-verdict can not be sustained. It was said to be irrelevant, because the defendant was not bound by it, as it was signed by the-plaintiff in his own name, and not as an agent. By an examination of the proposition it will be found, that in the body of it, the-plaintiff describes himself as the agent of the defendant, and as-making the proposition for him, and' on his behalf; and, in our-view, it was unnecessary for him again to add -to his signature-the character in which he acted. If his character can be gathered from the whole instrument, it is sufficient. This bears no analogy’ to the cases cited, where the pretended agent affixes the seal to-his own name, and not to the name of his principal. In such case, it is the seal that executes the contract, and the inquiry is, not. who has signed, but who has sealed the paper. If the agent affixes the seal to his own name, although he may add the words, as agent, those words will be merely a descriptio personae, and *174 mot of the character io which he does the act. The sealing of the contract is decisive of his character, and not to be disputed. 'The paper in question, executed by the defendant through his .agent, was the act of the defendant, and not liable to objection on the ground assumed. But, it is said, the power of attorney, only authorized the plaintiff to bind the defendant by ,bond, or contract, under seal, and not by parol. The words used in the power of attorney, are these: “ To sell, transfer, and by bond, or without, under seal, if required, or otherwise convey,” .and are sufficiently extensive to embrace any mode of. contracting, known to the law, in relation to real estate. It is said, .again, that'the covenant to convey is to the purchaser, and that the plaintiff, who was but the agent, could take no advantage of .a refusal to convey to Wellman, because he was not a party to ■such covenant, and that the evidence of a sale by the defendant to Wellman was, for that reason, improper. It appears to us, the deduction drawn by counsel from the premises is by no means *legal. It is true the covenant to convey may be said to run with the sale, to whomsoever made, but the power of attorney contains another covenant to the plaintiff, to release and relinquish to Mm, any sum beyond ten thousand dollars, for which he shall be ■enabled to dispose of the lands. This covenant exists between the parties to this action only; that it was so intended no one •can doubt. It is the sum fixed by the parties as to the amount of compensation the agent, in a certain event, shall receive. This power of attorney may properly be said to consist: 1. In a covenant to the purchaser to convey; and, 2. In a covenant to the plaintiff, the agent who made the sale, to release and relinquish to Mm the stipulated compensation; and either the purchaser or .agent, in case of a breach of the covenant to him, may, we think, maintain an action. The suit was brought by the plaintiff on the covenant to him; it was necessary for him to show performance of all conditions precedent; he must prove a sale to Wellman and the amount of that sale. Was not the proposition to sell, accompanied with the terms, a necessary and indispensable link in the ■chain of evidence to establish that fact? If so, it was clearly relevant to the issue, and proper for the consideration of the jury. Without proof of this proposition the plaintiff could not have shown its acceptance and the final consummation of the sale, .and, consequently, no right to recover would have existed.
*175 Jt is urged the court erred in permitting the power of attorney to go in evidence to the jury. It is said the liability of the defendant is a joint liability to the plaintiff and Wellman. If so, it 'Should have been rejected, for it was not the covenant described in the plaintiff’s declaration. But this objection can not arise from anything apparent upon the face of the instrument, for the name of Wellman does not occur in it. Wellman was, however, .admittted as a witness on the trial, and testified that, to induce him to purchase the land, the plaintiff had agreed to deduct one-third of the amount over ten thousand dollars, submitted in his written proposition, as the consideration; and that, on such condition, the contract was made. The evidence, it is said, makes Wellman a joint obligee with the plaintiff in the covenant on which this action is founded. Such, we apprehend, is not the legal consequence. This was a collateral agreement, independent of •the defendant’s covenant, to which he was not a party, nor were his rights in any way affected by it. No such agreement, without his consent, could make the delendant liable to pay to *two that which he was liable only to pay to one. Whatever contract others may make, the defendant was to receive ten thousand dollars or he was not bound to convey the land, and he was to release .and relinquish all over that sum, more or less. The liability of the defendant could only be changed by the concurrence of his •own mind; and he not having agreed to include another, as a joint covenantee, his covenant to the plaintiff remained unchanged, and the power of attorney in which it was contained was properly admitted.
It was urged, that no legal tender was made to the defendant of the ten thousand dollars until after the power of attorney was revoked. The evidence on the trial was that the revocation was drawn, signed, sealed by the defendant, and notified to the plaintiff, on the 14th March, nearly a month after the proposition was made, and after the same was in fact accepted I There is no doubt of the power of the principal, by a proper instrument, to revoke a naked authority — one not coupled with an interest — ■ while the same remains unexecuted and the rights of the parties in statu quo. But in this case the sale was made before any pretended revocation. On the 2d March, Wellman wrote to the plaintiff, from New York, to consider the proposition as accepted if he did not hear from him again within the time limited, and *176 afterward expressly accepted the proposition. To say the principal, under such circumstances, may revoke, would be destructive to the rights of the parties. -It would confer upon him authority to rescind his contracts, without any violation or fault of the other contracting party and against his dissent. Such a principle can be sustained, certainly, by no legal rule.
It is claimed, that no legal tender was made by Wellman to-the defendant. If we did not mistake him, Wellman testified on the trial, that on the 14th April he went to the defendant with ten thousand dollars in current bank notes, informed him. he had the money and demanded the fulfillment of the agreement; that he told the defendant there was sufficient time, and he would obtain the specie for him if he required it. To this the defendant replied he would accept bank notes as soon as specie; he would take neither, nor would he ratify the sale. Can it be doubted that this is a sufficient tender of the money?' An offer to -pay in bank notes is equivalent to an offer to pay specie unless objected to. It can not bo successfully claimed that Wellman was bound to count out the money; it is sufficient that *the money was there, and that enough was offered to the defendant; the law requires of the payee to tell the money.
It is supposed the court erred in refusing to permit evidence to-go to the jury that there was an understanding between the parties that the plaintiff was to sell the land, so that the defendant could have the money by the 4th March, to use at the sales at Bucyrns. Such evidence was offered and rejected; but how could it have affected the issue had it been received? If the sale was not-made by the 4th March, it is not claimed by the motion it was not to be made at all. It could, therefore, be no bar to the action; and if the plaintiff sustained an injury by the delay, or neglect, of his agent, it furnished him with no liquidated demand, which was the subject of set-off, nor could it go in mitigation of damages. The plaintiff would be compelled'to resort to his action for redress ; the evidence offered could not, therefore, be legally sent jto the jury.
It is believed by counsel that the court erred in charging the* jury that the'rule of damages was the amount for which the land was sold over and above the ten thousand dollars. We incline to the opinion such instruction was correct; the law intends the-remedy shall be adequate to the injury; that the plaintiff shall be *177 placed in as good a situation by the verdict as he would have-been in had the defendant not broken his covenant. If the defendant had kept his covenant, the amount, over ten thousand dollars, for which the land was sold,- would have been received by the plaintiff, deducting the amount afterward thrown off, to induce "Well-man to complete the purchase. This, then, was clearly what the plaintiff lost; and the jury were instructed, after making such deduction, that the balance was the proper sum, if they found for the plaintiff, to which he would be entitled as damages.' The jury obeyed this instruction. Nothing more than substantial justice has been done, and of that the defendant ought not to complain.
J. M. Mat, for the motion.
A. Cofeinbert, contra.
It is said, as the last hope of the defendant, that the action was prematurely brought; that Wellman was not to pay the excess over ten thousand dollars until a year from April 14, 1836, and that this suit was commenced before that time had expired. It is very true the plaintiff could not have maintained an action against Wellman until the credit had expired; but the defendant agreed to convey whenever the plaintiff should make the sale. By breaking this covenant, the plaintiff was instantly damnified by losing the benefit of his agreement, and *not being able to receive Wellman’s obligations, secured by mortgage, on the land. This security, so far as the defendant is concerned, the law would hold equivalent to money, and as well might it be contended that an action of trover or trespass could not be maintained for a note, not due, wrongfully withheld, or forcibly taken, as that this action is not maintainable on the ground assumed. The third, sixth, eighth, and eleventh points made by the motion have been disposed of in passing upon the others, and need not be separately noticed. The amount in dispute, in this case, is large, and we have felt a disposition to indulge the defendant as long as anything could be said in his defense. His counsel has argued his case with zeal and ability, creditable to his industry and talent. The case may be, in some of its features, novel, but we see no serious difficulty in supporting the verdict of the jury. We have given the case a very careful examination, and the result leads to the conviction that the motion must be overruled, and judgment entered on the verdict.